UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TOMMY DILLE, | ) | Case No.: 1: 14 CV 1451 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| LABORERS' LOCAL 310, *et al.*, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants | ) | |

*Pro se* plaintiff Tommy Dille has filed this action against Laborers' Local 310 (the "union") and its business manager Terry Joyce pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). The defendants have filed a motion to dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) (doc. No. 4), and the plaintiff has responded to this motion (doc. no. 7). For the reasons stated below, the defendants' motion to dismiss is granted and this action is dismissed.

**Plaintiff's Allegations**

Plaintiff alleges the defendants are liable to him under Title VII because they refused to process a grievance he filed with the union on January 12, 2013. He alleges that on January 10, 2013, he was wrongfully discharged from a project and suspended for a year by his employer Day Zimmerman NPS for sleeping during a pre-job briefing at the Perry Nuclear Power Plant. Plaintiff disputed he was sleeping and pursued a grievance to this effect with the union on January 12, 2013.

After he explained his position to union representatives, Terry Joyce informed him the union would not "go forward" with his grievance because there was "a witness who said [the plaintiff was] sleeping." (Pltf. Complt., p. 3.) The plaintiff asked the name of the witness, but Joyce did not name him. Instead, Joyce allegedly told the plaintiff the witness was a "He" and then commented: "We're just having fun with you." (*Id.*)

Plaintiff left the meeting with the union and subsequently filed "charge number 532-2013-00896" with the EEOC. He also filed a grievance "on the business manager" Joyce "for failure of duty." (*Id.*)

### Standard of Review

Pleadings and documents filed by *pro se* litigants are to be "liberally construed," and a *"pro se* complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The basic pleading essentials are not abrogated in *pro se* cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A *pro se* complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011). To survive a dismissal, the plaintiff's "[f]actual allegations must be enough to raise the right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In deciding a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.

*See Arrow v. Federal Reserve Bank of St. Louis*, 358 F.3d 392, 393 (6th Cir. 2004). The court, however, need not accept legal conclusions or unwarranted factual inferences. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000). In addition, district courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments because, to do so, would "require. . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Harris v. McDonnell*, No. 1:08 CV 80, 2008 WL 728343, at *1 (N.D. Ohio Mar. 14, 2008), citing *Beaudette v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).

**Analysis**

Even when liberally construed, the plaintiff's complaint is insufficient to state a plausible claim for relief against the defendants under Title VII.

First, Joyce is not individually subject to suit under Title VII. Title VII liability attaches to unlawful employment practices of employers, employment agencies, labor organizations, or the joint actions of these entities. 42 U.S.C. § 2000e–2. Individual supervisors or co-workers are not personally liable under Title VII. *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir.1997) ("We now hold that an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII."); *see also Mathis v. CWA Local Union 4320*, No. 2:10–CV–1093, 2011 WL 3497189 (S.D.Ohio Aug. 9, 2011) (holding a union official is not liable in his individual capacity for discrimination under Title VII); *Burrell v. Henderson*, 483 F. Supp.2d 595, 600–01 (S.D. Ohio 2007) (president of labor union not liable in her

individual capacity under ADEA or Title VII).

Second, the plaintiff has failed to allege a plausible claim for relief against any defendant under Title VII. Title VII protects employees from discrimination on the basis of an individual's race, color, religion, sex, or national origin. Under Title VII, it is unlawful employment practice for a labor organization:

> (1) to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin;
>
> (2) to limit, segregate, or classify its membership or applicants for membership, or to classify or fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (3) to cause or attempt to cause an employer to discriminate against an individual in violation of this section.

42 U.S.C. § 2000e-2(c).

When a Title VII violation is premised upon a union's failure to properly process an employee's grievance, the employee must demonstrate that the union violated its duty to the employee of fair representation and that the union was motivated by racial animus. *March-Carney v. United Steel Workers Local 1055 Ass'n, Inc*., No. 3: 04 CV 0116, 2005 WL 2240110 (M.D. Tenn. Aug. 19, 2005). *See also Farmer v. ARA Serv., Inc*., 660 F.2d 1096, 1104 (6th Cir. 1981) ("[A] union's breach of the duty of fair representation also subjects it to liability under Title VII if the breach can be shown to be because of the complainant's race, color, religion, sex, or national origin."). To allege a prima facie case of discrimination in a typical Title VII case, a plaintiff must allege that he: (1) is a member of a protected class; (2) was qualified for the job; (3) suffered an adverse employment decision; and (4) was replaced by a person outside the protected class or was

4

treated differently than similarly situated non-protected employees. *Newman v. Fed. Express Corp.*, 266 F.3d 401, 406 (6th Cir. 2001).

The plaintiff alleges no facts whatsoever in his complaint suggesting the union declined to pursue his grievance because of his race, color, religion, sex, or national origin. In his brief opposing the defendants' motion to dismiss, the plaintiff appears to contend his skin color was connected to the union's treatment of his grievance. He asserts:

> Laborer's Local 301 has never processed grievances thoroughly that I have filed. In the past they have processed grievances that I filed as an individual (light skinned Black Male), and the same grievance filed by a group of dark skinned Black Males was processed to the fullest extent. This has been a practice of Laborer's Local since I joined. There always seems to be an investigation that the Local 301 officials agrees [sic] with from the Contractor(s) in question.

(Pltf. Opp. Br. at 1.)

However, "[a] complaint that includes only conclusory allegations of discriminatory intent without supporting factual allegations does not sufficiently show entitlement to relief." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613 (6th Cir. 2012). The plaintiff's assertions in his opposition brief – even if they were alleged in a complaint – are purely conclusory and vague and do not plausibly suggest the union discriminated against him on the basis of his skin color. He alleges no material facts that would support a plausible suspicion that the union pursued a similar grievance filed by darker skinned members more fully than it pursued his grievance. The plaintiff's conclusory assertions in his opposition brief are simply insufficient to raise a right to relief for unlawful discrimination by the union based on the plaintiff's skin color above the speculative level; accordingly, the plaintiff has failed to assert a plausible claim upon which relief may be granted under Title VII. *See, e.g.*, *Dobrski v. Int'l Union, United Auto., Aerospace & Agr. Implement, Workers of Am.*, No. 1:13 CV 1439, 2013 WL 3458221, at * 3 (N.D. Ohio July 9, 2013) (dismissing

Title VII complaint against a union where the plaintiff failed to provide "any factual allegations" to support his conclusory allegation that a union aided African-American members more than other members).

Finally, although the plaintiff attaches the right to sue letter he received from the EEOC to his complaint, he does not attach or submit in this case the charge he filed with the EEOC, and he does not demonstrate he complained to the EEOC of discrimination based upon his skin color. The Court takes judicial notice that EEOC "charge number 532-2013-00896" (the charge the plaintiff alleges he filed in this case) has been made of the public record in another case the plaintiff filed in this district. *See Dille v. Roth Bros., Inc., et al.*, No. 4:14 CV 1453, docket no. 3, Ex. A. The record in Case No. 4:14 CV 1453 shows that the plaintiff did not anywhere claim his EEOC charge that he was discriminated against based upon his skin color; instead, he alleged discrimination on the basis of his "race," "age," and due to "retaliation." *Id*. "It is well settled that federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can be reasonably expected to grow out of the EEOC charge." *Strouss v. Michigan Dep't of Corrections*, 250 F.3d 336, 342 (6th Cir. 2001). Accordingly, even if the plaintiff had stated a plausible claim of discrimination based upon his skin color, the Court would lack subject matter jurisdiction over such an unexhausted claim. *See, e.g., Wakefield v. Children's Hospital*, No. C2-06-1034, 2008 WL 3833798, *6 (S.D. Ohio Aug. 13, 2008) (finding the court lacked subject matter jurisdiction over the plaintiff's color and national origin discrimination claims under Title VII because the plaintiff alleged only race discrimination and retaliation in her EEOC charge).

**Conclusion**

For all of the reasons stated above, the plaintiff has failed to allege a plausible, cognizable Title VII claim. The defendants' motion to dismiss the plaintiff's complaint is therefore granted, and this case is dismissed.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

November 18, 2014